# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 07-po-00015-GJR-01 |
| | USM Number: None Assigned |
| CHRISTOPHER C. CAVAGNARO | Pro Se |
| | (Defendant's Attorney) |

**THE DEFENDANT:** Was found guilty on counts 1 and 2 of the Information after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 36 C.F.R. 2.35(c) | Being Under the Influence of Alcohol or a Controlled Substance | 06/16/07 | 1 |
| 36 C.F.R. 2.34(a)(2) | Disorderly Conduct | 06/16/07 | 2 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

October 16, 2007
Date of Imposition of Judgment

/s/ Gudrun Rice
Signature of Judge

Gudrun Rice, U.S. Magistrate Judge
Name & Title of Judge

NOVEMBER 1, 2007
Date

DEFENDANT: CHRISTOPHER C. CAVAGNARO
CASE NUMBER: 07-po-00015-GJR-01                               Judgment-Page 2 of 5

## PROBATION

The defendant is hereby placed on probation for a term of 12 months.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page. (set forth below).

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

DEFENDANT: CHRISTOPHER C. CAVAGNARO
CASE NUMBER: 07-po-00015-GJR-01

Judgment-Page 3 of 5

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall be evaluated and if deemed necessary, participate in a program of substance abuse treatment, to include alcohol abuse treatment. The defendant shall participate in treatment until such time as the defendant is released by the probation officer. The defendant shall pay the costs of the treatment as directed by the probation officer.

2) The defendant shall be evaluated and if deemed necessary, participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant will be required to pay the costs of treatment as directed by the probation officer. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

3) Should defendant successfully complete all standard and special conditions of supervision at any time prior to expiration of probation, the Court will consider an early term request from the probation officer. In the alternative, the Court requests a status report from the probation officer at six (6) months.

DEFENDANT: CHRISTOPHER C. CAVAGNARO
CASE NUMBER: 07-po-00015-GJR-01                                            Judgment-Page 4 of 5

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $10.00 | $0.00 | $0.00 |
| 2 | $10.00 | $0.00 | $0.00 |
| **TOTALS** | $20.00 | $0.00 | $0.00 |

The defendant must pay interest on any restitution or fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options set forth below may be subject to penalties for delinquency and default pursuant to 18 U.S.C. § 3612(g).

DEFENDANT:  CHRISTOPHER C. CAVAGNARO
CASE NUMBER:  07-po-00015-GJR-01                                                                  Judgment-Page 5 of 5

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The defendant shall pay a special assessment fee of $10.00 on Count 1 and $10.00 on Count 2, totaling $20.00.  The special assessment fee shall be paid on or before October 31, 2007.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) penalties.